IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR LEE HAYES, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No. 3:09-CV-2018-G (BK) |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, filed October 28, 2010, before the court is *Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act* (doc. 27), filed October 13, 2010. Based on the relevant filings, evidence, and applicable law, the court recommends that the motion be **GRANTED, in part**.

## I.  BACKGROUND

On October 23, 2009, Plaintiff filed a complaint seeking remand and/or reversal of the Defendant's denial of Social Security disability benefits. Dan Skaar, retained by Gordon & Associates, was Plaintiff's hearing lawyer at the administrative level and also represented Plaintiff in this case. On August, 27, 2010, this court recommended that the Defendant's decision be reversed and the matter remanded for further proceedings. The District Court accepted the recommendation and, on September 13, 2010, entered judgment in this case. Subsequently, Plaintiff filed a motion seeking an award of $12,681.25 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, including $25.00 for reimbursement of postal fees. With the relevant filings made within the applicable deadlines, the motion is now ripe for determination.

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). However, an award of attorney's fees under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). As the fee applicant, Plaintiff has the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

Plaintiff submitted a request for $12,656.25 in attorney's fees based on 75 hours at a rate of $168.75 per hour. He also requests to be reimbursed $25 in postage fees. Defendant does not dispute Plaintiff's entitlement to attorney's fees, the hourly rate requested, or the costs associated with litigation, but objects to the claimed number of attorney hours as excessive and unreasonable. Defendant specifically objects to the following claims for reimbursement by Plaintiff's counsel:

| Date | Services | Hours | Defendant's objection |
|---|---|---|---|
| 09.30.09-10.06.09 | drafted complaint | 4.0 | excessive time claimed for task |
| 10.23.09 | filed case on ECF system and sent copies to Judge Fish | 3.5 | excessive time claimed for task and is non-compensable clerical work |
| 12.11.09 | received record from the DOJ, downloaded and scanned it | 2.5 | excessive time claimed for task and is non-compensable clerical work |
| 01.04.10-02.12.10 | worked on and filed brief | 36 | excessive time claimed for task |
| 06.14.10 | worked on and filed reply brief | 9 | excessive time claimed for task |
| 10.01.10 | prepared/filed EAJA application | 5.5 | reasonableness not established |

Based on *Plaintiff's Hourly Fee Affidavit* (Doc. 27, attachment 1) filed in support of the fee application, the court finds that the number of hours claimed is unreasonable and should be reduced or eliminated for purposes of calculating attorney's fees as follows:

First, the one-page complaint and cover sheet filed by Plaintiff's counsel are very basic, and the court finds that the time charged for drafting the complaint and application to proceed *in forma pauperis*, researching the federal filing fees, and "sign[ing] up for e-filing" is not reasonable. The court is not unsympathetic to counsel's argument that his inexperience made navigating the ECF system more difficult. (Doc. 30, p. 7) However, having an ECF account and familiarity with the system is nearly as essential to practice within this district as is being admitted to practice before the court.

> It does not follow that the amount of time actually expended is the amount of time reasonably expended. In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Copeland v. Marshall*, 641 F.2d 880, 892 (D.C. Cir. 1980) (*see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citing *Copeland*, the Supreme Court held that the attorney's skill and experience is one of the factors to be considered in exercising "billing judgment."). Thus, the court recommends reducing the time claimed for drafting the complaint and affidavit in support of the *in forma pauperis* application from four hours to one.

Second, while Mr. Skaar requests compensation for 36 hours spent filing and drafting the district court brief, the court concludes that in comparison with other social security appeals filed in this district, this case did not present novel issues or challenges. Thus, the court recommends that Plaintiff's attorney be compensated 22 hours for drafting his initial brief. *See Williams v. City of Balch Springs*, 1999 WL 1146802, at *2 (N.D. Tex. Nov. 17, 1999) (where the court finds that the work performed appears to be excessive or duplicative, the court may strike or reduce the time to be compensated).

Third, the court agrees with Defendant that the nine hours claimed by Plaintiff's counsel for preparing his eight-page reply brief is excessive in light of the issues raised and arguments made by Plaintiff in rebuttal to Defendant's brief, neither of which is complex. Therefore, the court recommends reducing the compensation for this task by half, to 4.5 hours. Also, Plaintiff has failed to demonstrate the reasonableness of the five hours claimed for completing and filing the application for attorneys fees under the EAJA; therefore the court finds it excessive and recommends that compensation for this task be reduced to two hours.

Finally, the court concludes that Plaintiff's counsel should not be awarded attorney's fees for clerical work which can be easily performed by support staff. *See Jones v. Armstrong Cork Co.,* 630 F.2d 324, 325 (5th Cir. 1980). The court notes, that even if Mr. Skaar was required to

perform the clerical tasks himself, it is unreasonable to reimburse him at the attorney rate for doing so. *See Jones*, 635 F.2d at 325 (holding that a paralegal could be compensated only "to the extent that she performed work that has traditionally been done by an attorney").

### III. CONCLUSION

IT IS **RECOMMENDED** that Plaintiff's application for attorney's fees and costs under the EAJA be **GRANTED, in part**; that Plaintiff's attorney be compensated for 43 hours[1] at a rate of $168.75 per hour; and that Plaintiff be awarded $7,256.25 in attorney's fees and $25.00 in costs, for a total of $7,281.25, to be paid directly to his counsel of record.

**SO RECOMMENDED** on December 3, 2010.

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Hardy v. Callahan,* No. 9:96-CV-257, 1997 WL 470355, *9 & n. 10 (E.D. Tex., 1997) ("The typical EAJA application in social security cases claims between thirty and forty hours"); *Harden v. Commissioner Social Security Administration*, 497 F.Supp 1214, 1215-16 (D. Or.) ("20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty"). Although the Court is not bound by these precedents, they are nonetheless instructive.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE