UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR LEE HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:09-CV-2018-G (BK) |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Renée Harris Toliver made findings, conclusions, and a recommendation in this case. Both the plaintiff and the defendant filed objections, and the district court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The court accepts the findings, conclusions, and recommendation of the magistrate judge subject to the exceptions discussed below.

The defendant objects to the magistrate judge's recommendation that the EAJA award be paid directly to the plaintiff's counsel. The Supreme Court recently held that EAJA fees are payable directly to the prevailing party, not his attorney. *Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2525-26 (2010). Accordingly, in this

case, the EAJA fees must be paid directly to the plaintiff. See, *e.g.*, *Torres v. Astrue*, No. C-09-73, 2010 WL 3817130, at *1, n.1 (S.D. Tex. Sept. 24, 2010) (awarding EAJA fees to "plaintiff and not to plaintiff's counsel"); *McLeland v. Astrue*, No. 09-0219, 2010 WL 3704915, at *2 (W.D. La. Sept. 13, 2010) (holding that the court committed manifest error by ordering the defendant to pay plaintiff's counsel, rather than the plaintiff, attorney's fees and expenses under EAJA); but see *McDonald v. Astrue*, No. 2:09cv027, 2010 WL 4818092, at *5 (W.D.N.C. Nov. 22, 2010) ("There is nothing in *Ratliff* to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

The plaintiff objects to the magistrate judge's recommendation that the number of compensable hours that the plaintiff's attorney expended on the case be reduced from 75 to 43. There are twelve factors that a court must consider when determining whether the amount of fees requested is reasonable. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). These factors include *inter alia* the time, skill, and labor required to perform the legal services, the novelty of the question presented, the customary fee, and awards in similar cases. *Id.* The plaintiff has the burden of proving his entitlement to an award for attorney's fees. *Id.* at 720. The court, having considered the *Johnson* factors, concludes that the plaintiff has not

demonstrated the reasonableness of his claim for 75 compensable hours, and a reduction is warranted to align the fees that will be awarded in this case with the fees awarded in similar cases in this district. See *id.* at 719. The number of hours for which the plaintiff seeks compensation seems excessive when considering the time, labor, and skill required to adjudicate this case. Accordingly, the plaintiff's objection to the magistrate judge's reduction of the compensable hours from 75 to 43 is overruled.

With the qualifications set forth above, the magistrate judge's findings, conclusions, and recommendation are accepted as the findings and conclusions of the court.

**SO ORDERED**.

January 3, 2011.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**